**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Ray Lynam, | No. CV-15-00488-TUC-DCB |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter was referred to Magistrate Judge Bruce G. Macdonald, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On January 22, 2019, Magistrate Judge Macdonald issued a Report and Recommendation (R&R). He recommends that the Court deny the Petition filed under U.S.C. § 2254 for Writ of Habeas Corpus by a person in State custody. The Magistrate Judge found the Petition was barred by the one-year statute of limitation under the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and dismisses the Petition as time-barred.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. §

636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the Objection filed by the Plaintiff, the Reply filed by the Defendants, and the parties' briefs considered by the Magistrate Judge in deciding the Petition.

OBJECTIONS

In the Petitioner's Objection, he argues the merits of his Petition. Specifically, he argues that the Arizona courts got it wrong when they refused to apply *Martinez v. Ryan,* 566 U.S. 1 (2012) to excuse preclusion related to his claim of ineffective assistance of counsel in his Rule 32 proceeding. Unfortunately, the Petitioner cannot get review here on the merits of his Petition because, as the Magistrate Judge explained, his Petition is barred by AEDPA's the one-year statute of limitation period. (R&R (Doc. 16) at 18-23.)

The Court agrees with the Magistrate Judge that the Petition is time barred. Magistrate Judge Macdonald issued a well-reasoned R&R, which explains why as a matter of law and fact the case is barred by the one-year statute of limitation, including a correct analysis of the time-bar as tolled in this case.

CONCLUSION

After *de novo* review of the issues raised in the Plaintiff's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the Petition. The Court adopts it, and for the reasons stated in the R&R, the Court denies Plaintiff's Petition for habeas relief.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Objection, the Magistrate Judge's Report and Recommendation (Doc. 16) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that if Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of March, 2019.



Honorable David C. Bury
United States District Judge

- 3 -