**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Ray Lynam,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-15-00488-TUC-DCB<br><br>**ORDER** |

    On March 12, 2019, this Court entered Judgment against Plaintiff and adopted the Report and Recommendation of the Magistrate Judge that the habeas Petition be dismissed as untimely. The Petitioner failed to file it within the Anti-terrorism and Effective Death Penalty Act of 1996 one-year statute of limitation period.

    On March 28, 2019, Petitioner filed a Motion for Reconsideration. He asks the Court to excuse the untimeliness of his Petition because, as a prisoner, he had extremely limited access to legal materials, including the rules governing that access. When it denied the Petition, the Court considered his similar assertions that delay between his state petitions for post-conviction relief were due to time spent researching his claims and the state rules of procedure. Now as it did then, the Court finds that Petitioner's excuse for his untimely habeas Petition are not the type of extraordinary circumstances beyond his control that would warrant equitable tolling of the limitations period.

    Motions to reconsider are appropriate only in rare circumstances, such as where the Court has patently misunderstood a party, or has made a decision outside the adversarial

issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also, Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992).

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *School Dist. No. 1J, Multnomah County, Oregon v. AcandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through--rightly or wrongly". *Above the Belt, Inc.*, 99 F.R.D. at 101; *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983). Arguments that a court was in error on the issues it considered should be directed to the court of appeals. *Id.* at 7.

The facts and circumstances surrounding the Petition have not changed since this Court's Order concerning these matters; there are no new facts which were discovered since the Court's disposition of the motion for summary judgment. There is no manifest error of law.

**Accordingly**,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 21) is DENIED.

Dated this 19th day of April, 2019.

_____
Honorable David C. Bury
United States District Judge